UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CURTIS HALL                                                   CIVIL ACTION

VERSUS                                                        NUMBER: 16-13527

BRADLEY PECK, ET AL.                                          SECTION: "A"(5)

## REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(6) motion to dismiss of Defendant, E.J. Howard, the Designated (Interim) Chief of Police for the City of Slidell, Plaintiff's opposition thereto, and Defendant's reply memorandum. (Rec. docs. 19, 21, 27). For the reasons that follow, it is recommended that Defendant's motion be granted. It will further be recommended that Plaintiff's claims against two of the other named Defendants, Sheriff Smith and Warden Longino, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Curtis Hall, Plaintiff herein, is an inmate of the St. Tammany Parish Jail since his arrest on unidentified charges on June 10, 2016. (Rec. doc. 1, p. 3). He filed the above-captioned 42 U.S.C. §1983 proceeding against Defendant, Officer Bradley Peck of the Slidell Police Department; E.J. Howard ("Howard"), who identifies himself as the Designated (Interim) Chief of Police for the City of Slidell; St. Tammany Parish Sheriff Randy Smith; and, Warden Gregory Longino of the St. Tammany Parish Jail. (*Id.* at pp. 1, 4). Plaintiff alleges that on the aforementioned date, he was stopped for a traffic violation by Officer Peck, who thereafter conducted unlawful cavity and vehicle searches of him before transporting him to the Slidell Police Station. (*Id.* at pp. 5-7). Plaintiff seeks $500,000.00 in compensatory and punitive damages. (*Id.* at p. 5).

By virtue of his present motion, Howard moves for dismissal of Plaintiff's complaint as to him, arguing that he was not serving as the Designated (Interim) Chief of Police for the City of Slidell at the time of Plaintiff's arrest on June 10, 2016 and that he has no personal knowledge of the factual circumstances surrounding the arrest.[1/]  In his opposition to Howard's motion, Plaintiff acknowledges that Howard was not appointed to his present post until July 1, 2016.  (Rec. doc. 19).  However, Plaintiff still opposes Howard's dismissal, arguing that he submitted a formal complaint and initiated an internal grievance with the Slidell Police Department regarding the circumstances of his arrest subsequent to the date that Howard assumed office, neither of which were resolved to his satisfaction despite Howard's sworn duty to uphold the law, and that Howard "… should be held responsible for the actions of his staff."  (Rec. doc. 21).  On a Rule 12(b)(6) motion, the appropriate standard is whether the facts pled by the plaintiff have sufficient facial plausibility.  *Ashcroft v. Iqbal*, 556, U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).

Plaintiff gives no indication in his complaint of the capacity in which Howard, or for that matter, any of the named Defendants are being sued.  "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008).  "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*,

---

[1/] Howard attaches to his motion to dismiss an affidavit attesting to these facts.  (Rec. doc. 19-2).  Because he relies on matters outside the pleadings, his motion is, in essence, a motion for summary judgment under Rule 56, Fed. R. Civ. P.  *Flores v. Sullivan*, 945 F.2d 109, 110 n. 3 (5th Cir. 1991).

513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "... must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

      Measured against the foregoing standards, Plaintiff's allegations against Howard in his official capacity fail to state a claim upon which relief can be granted, as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Viewing Plaintiff's allegations as being made against Howard in his individual capacity, he fares no better because "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Id.* at *1 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id.* (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Supervisory officials like Howard ". . . cannot be held liable for federal civil rights violations allegedly committed by [their] associates based merely on a theory of strict liability or vicarious liability." *Id.* (footnotes omitted). *Respondeat superior* is simply not a concept that is applicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct.

2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768, (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

Other than identifying Howard as a Defendant in the caption and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever regarding Howard's involvement in the matters of which Plaintiff complains herein. (Rec. doc. 1, pp. 5-7). The same is true with respect to two of the other named Defendants, Sheriff Strain and Warden Longino.[2/] (*Id.*). As such, there is an insufficient basis upon which to hold these three Defendants liable under §1983, irrespective of the capacity in which they may have been sued. In his opposition to Howard's motion, Plaintiff essentially argues that upon Howard's acceptance of his interim post, he became shouldered with the liability of his employees and that he "… should be held responsible for the actions of his staff." That allegation, however, is nothing more than an assertion that Howard should be held liable under a theory of strict or vicarious liability, neither of which, as explained above, is applicable to suits brought under §1983. *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993)(respondent superior is an indisputably meritless legal theory). As for Plaintiff's alternative argument that Howard has a general duty to uphold the law and that the complaint and grievance that Plaintiff initiated during Howard's watch were not resolved to his satisfaction, the Court simply notes that private citizens have no constitutional right to have their complaints investigated by federal or local officials, *Bartholomew v. Ladreyt*, No. 14-CV-1468, 2015 WL 365525 at *4 (E.D. La. Jan. 27, 2015), nor do law enforcement officers

---

[2/] Because Plaintiff is proceeding *in forma pauperis* in this matter, the Court possesses "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 513 U.S. 883, 115 S.Ct. 220 (1994).

4

have an affirmative constitutional duty to investigate an incident. *Royster v. Brown*, No. 07-CV-0054, 2007 WL 433089 at *3 (N.D. Fla. Feb. 5, 2007)(and cases cited therein). In light of these authorities, it will be recommended that Howard's motion to dismiss be granted and that Plaintiff's claims against Sheriff Smith and Warden Longino also be dismissed pursuant to §1915(e)(2)(B)(i).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the motion to dismiss of Defendant, E.J. Howard, Designated (Interim) Chief of Police for the City of Slidell, be granted and that Plaintiff's §1983 claim against him be dismissed.

It is further recommended that Plaintiff's §1983 claims against Defendants, Sheriff Randy Smith and Warden Gregory Longino, be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[3]

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this __11th__ day of _____January_____, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE