UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CURTIS HALL                                        CIVIL ACTION

VERSUS                                             NUMBER: 16-13527

BRADLEY PECK, ET AL.                               SECTION: "A"(5)

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, Curtis Hall, filed the above-captioned 42 U.S.C. §1983 proceeding against a Slidell police officer and three other Defendants, alleging that he was subjected to unlawful body-cavity and vehicle searches at the time of his arrest on June 10, 2016. (Rec. doc. 1). Plaintiff was previously granted permission to proceed *in forma pauperis* ("IFP") in this matter without prepayment of fees as allowed by 28 U.S.C. §1915. (Rec. doc. 3). Subsection "g" of that statute provides as follows:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

It has recently come to the Court's attention that Plaintiff, a frequent litigant in federal court, has filed numerous civil-rights lawsuits while incarcerated. The records of this Court and those of the United States District Court for the Western District of Louisiana reflect that at least four of those prior §1983 proceedings were dismissed as frivolous and/or for failing to state a claim upon which relief could be granted. *See Hall v. LeBlanc, et al.*, No. 15-CV-0674-PM-KK (W.D. La.); *Hall v. LeBlanc, et al.*, No. 15-CV-0023-PM-KK (W.D. La.); *Hall v. La.*

*Dept. of Pub. Safety & Corr.*, No. 13-CV-0908-EEF-MLH (W.D. La.); *Hall v. St. Tammany Parish, et al.*, No. 10-CV-1872 "C"(2)(E.D. La.).[1]/  Plaintiff has therefore accumulated at least three "strikes" under §1915(g).  *Coleman v. Tollefson*, __ U.S. __, 135 S.Ct. 1759 (2015)

Much like an IFP Plaintiff's economic standing, which is subject to re-evaluation for continued eligibility for pauper status if there has been a betterment of his financial condition during the pendency of his suit, *Castillo v. Blanco*, 330 Fed.Appx. 463 (5th Cir. 2009), numerous district courts within the Fifth Circuit that have considered the issue have similarly concluded that "… re-evaluation of a plaintiff's pauper status is appropriate where information comes to light showing he is or has been an abusive litigant who is no longer eligible to proceed in forma pauperis."  *Ward v. Taylor*, No. 10-CV-0221, 2010 WL 5579617 at *1 (N.D. Tex. Dec. 13, 2010), *adopted*, 2011 WL 117877 (N.D. Tex. Jan. 12, 1011); *Johnson v. Suter*, No. 08-CV-0070, 2009 WL 3740630 at *1-2 (N.D. Tex. Nov. 6, 2009); *Nichols v. Rich*, No. 01-CV-0369, 2004 WL 743938 at *1 (N.D. Tex. Apr. 7, 2004), *adopted*, 2004 WL 1119689 (N.D. Tex. May 18, 2004).  *See also McCain v. Hefner*, No. 13-CV-0502, 2013 WL 4711661 (E.D. Tex. Aug. 30, 2013); *Barton v. State of Texas*, No. 13-CV-0118, 2013 WL 4418848 (E.D. Tex. Aug. 13, 2013); *McGrew v. Barr*, No. 10-CV-0272, 2011 WL 1107195 (M.D. La. Mar. 22, 2011).  The rationale behind those decisions is that entitlement to proceed IFP is a privilege, not a right, and that re-evaluation of a plaintiff's pauper status at any time helps foster the principal goal of the Prison Litigation Reform Act ("PLRA"), as codified in §1915, "… to deter frivolous prisoner litigation in courts by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees."  *Ward*, 2010 WL 5579617

---

[1]/ The judgments of dismissal entered in these four cases all pre-date the date on which Plaintiff signed his complaint in this case.

at *1 (quoting *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996)(internal quotations omitted)).

As noted above, the Court has recently learned that Plaintiff previously acquired at least three countable strikes under §1915(g).  That being the case, re-evaluation of his continued eligibility to proceed IFP at government expense is appropriate and would still be justified even if Plaintiff had acquired the third strike during the pendency of this lawsuit. *Cruse v. Correctional Medical Associates*, No. 16-CV-0068, 2016 WL 7477554 at *2 (S.D. Miss. Dec. 29, 2016); *Davis v. Granger*, No. 12-CV-1746, 2015 WL 1800251 at *3 (W.D. La. Apr. 15, 2015); *Harris v. Gusman*, No. 13-CV-0522 "G"(5)(E.D. La. Nov. 7, 2014); *McGrew*, 2011 WL 1107195; *Ward*, 2010 WL 5579617; *Johnson*, 2009 WL 3740630.  The sole remaining question is whether Plaintiff fits within the statutory exception of §1915(g); that is, whether he faced an imminent threat of serious physical injury at the time that this lawsuit was filed. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

In order to meet the "imminent danger" requirement of §1915(g), the threat must be real and proximate.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint . . . is filed, and the exception refers to 'a genuine emergency' where 'time is pressing.'" *McCain*, 2013 WL 4711661 at *4 (quoting *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

The arrest of which Plaintiff complains in the instant matter occurred on June 10, 2016 and he made no allegation of being in imminent danger of physical injury when he signed his complaint on July 31, 2016.  Indeed, Plaintiff acknowledged in his complaint that he was transported to the Slidell Memorial Hospital immediately following his arrest where

3

he was treated and discharged. (Rec. doc. 1, p. 6). It is thus clear that Plaintiff was not in imminent danger of serious physical injury at the time that this lawsuit was filed. Accordingly, it will be recommended that Plaintiff's pauper status be revoked and that his lawsuit be dismissed without prejudice to his refiling same upon prepayment of the $400.00 filing fee prescribed by 28 U.S.C. §1914(a). Plaintiff is advised that if he pays the remainder of the filing fee herein, $400.00 less the $38.97 that was assessed when he was originally granted pauper status (rec. doc. 3), within 14 days, the same amount of time within which to file objections to this Report and Recommendation, the Report and Recommendation will be withdrawn and the case will proceed. *Johnson*, 2009 WL 3740630 at *2.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's pauper status be revoked and that his lawsuit be dismissed without prejudice to his refiling same upon prepayment of the $400.00 filing fee prescribed by 28 U.S.C. §1914(a) less the $38.97 that he was previously assessed in this matter.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this __23rd__ day of _____March_____, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE